UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TERRY DUKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:05-CV-383 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Terry Duke seeks to recover attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket # 15.) However, Defendant Jo Anne B. Barnhart, Commissioner of Social Security ("Commissioner"), urges the Court to deny Duke's request because in his initial motion he failed to show that his net worth does not exceed $2,000,000. Because Duke later corrected this alleged error by submitting an affidavit, his motion for attorney's fees will be GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Duke brought this suit to contest a denial of disability benefits by the Commissioner. (Docket # 1.) After Duke submitted his opening brief, the parties filed an Agreed Motion to Reverse and Remand and to Enter Judgment, which the Court granted on June 14, 2006. (Docket # 7, 12-13.) Duke now moves to recover attorney's fees under the EAJA. (Docket # 15.) The Commissioner, however, opposes Duke's fee request. Specifically, the Commissioner argues that Duke's statement in his memorandum that his net worth does not exceed $2,000,000 is deficient because it is a mere "allegation," rather than a "showing." In reply, Duke submitted an affidavit asserting that "[a]t the time this action was begun, my net worth was less than two million

dollars." (Aff. of Terry Duke 1.) The Commissioner, however, suggests that any subsequently filed affidavit might come too late to save Duke's motion.

## II. LEGAL STANDARD

Under the EAJA, a court may award attorney fees when: "(1) the claimant is a 'prevailing party'; (2) the government was not substantially justified in its position; (3) no 'special circumstances' make an award unjust; and (4) the fee application is timely and supported by an itemized statement." *Conrad v. Barnhart*, 434 F.3d 987, 989 (7th Cir. 2006) (citing 28 U.S.C. § 2412(d)(1)(A), (B); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004)). The EAJA defines a "party" as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed . . . ." 28 U.S.C. § 2412(d)(2)(B).

Furthermore, to be awarded fees under the EAJA a party must "within thirty days of final judgment in the action, submit to the court an application for fees . . . which *shows* that the party . . . is eligible to receive an award . . . ." 28 U.S.C. § 2412(d)(1)(B) (emphasis added); *see also Scarborough v. Principi*, 541 U.S. 401, 408 (2004) ("[Section] 2412(d)(1)(B) . . . directs that the application shall include . . . a *showing* that the applicant is eligible to receive an award (in Scarborough's case, that the applicant's 'net worth did not exceed $2,000,000 at the time the civil action was filed,' § 2412(d)(2)(B)) . . . ."). Notably, the EAJA requires that a party seeking fees need only *allege* that the government's position was not substantially justified but that a party must make a *showing* on all of the other elements. 28 U.S.C. § 2412(d)(1)(B).

## III. DISCUSSION

Here, the Commissioner contends that Duke's assertion in his memorandum in support of the motion for attorney's fees that his "net worth did not exceed two (2) million dollars when the

2

action was filed" was a mere allegation, rather than the requisite showing. (Mem. in Supp. of Mot. for Award of Att'y's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. Section 2412 2.) To make a proper showing, the Commissioner asserts that Duke should have submitted an affidavit asserting that his net worth was less than $2,000,000.[1] As a result of the Commissioner's opposition, Duke submitted an affidavit making this assertion.

However, the Commissioner suggests that this affidavit comes too late, citing *Scarborough v. Principi*, 541 U.S. 401 (2004). In *Scarborough*, the Supreme Court held that an EAJA application could be amended to include an omitted allegation that the government's position was not substantially justified, but specifically stated that it "offer[ed] no view" on "whether a fee application may be amended after the 30-day filing period to cure an initial failure to make the 'show[ings]' set forth in the first sentence of § 2412(d)(1)(B)." *Scarborough*, 541 U.S. at 420 n.7.

When faced with this open issue, Circuit Courts of Appeal have ruled that a party may

---

[1] There is a long-running debate regarding whether an EAJA applicant's own sworn statements regarding his net worth are sufficient to establish eligibility under the EAJA. *Compare Kinney v. Fed. Sec., Inc.*, No. 01 C 0830, 2002 WL 31017644, at *3-4 (N.D. Ill. Sept. 9, 2002) (opining that "conclusory, self-serving affidavits" were insufficient to establish eligibility under the EAJA); *Fields v. United States*, 29 Fed. Cl. 376, 380-83 (Fed. Cl. 1995) ("[T]he court disagrees with plaintiff's hospitable contention that the submission of his self-serving, non-probative affidavit alone is sufficient to establish his status as a 'party' eligible for the award of fees under the EAJA."); *with D'Amico v. Indus. Union of Marine & Shipbuilding Workers of Am.*, 630 F. Supp. 919, 922 (D. Md. 1986) ("In this court's view, an applicant's affidavit which indicates eligibility should be sufficient to meet the applicant's burden, absent some at least minimally factually supported argument by the government that the applicant is not eligible."); *Donahue v. Heckler*, 600 F. Supp. 153, 157 (E.D. Wis. 1985).

However, those courts that required more than a self-serving affidavit have only done so when the government challenged the applicant's net worth, acknowledging that an affidavit generally is sufficient when the government makes no such challenge. *See Kinney*, 2002 WL 31017644, at *4 ("Under these circumstances, the Court is of the opinion that caselaw discussing the appropriateness of affidavits alone, where the government has not contested eligibility, is not relevant . . . .); *Fields*, 29 Fed. Cl. at 382 ("[T]here is often no argument by the government that the applicant is not eligible, and, in such cases, other courts have accepted as sufficient proof an applicant's affidavit of net worth . . . ."). Here, the Commissioner ostensibly does not contest Duke's net worth, since it only asks that Duke make the requisite showing by filing an affidavit. Thus, we deem Duke's affidavit sufficient to show his eligibility.

later amend/supplement its initial fee application to cure a failure to make a showing regarding net worth. *See United States v. Hristov*, 396 F.3d 1044, 1046-48 (9th Cir. 2005) ("Indeed, by not establishing that Hristov's net worth was less than $2,000,000, Hristov's counsel made a misstep–but the misstep should not be a fatal one."); *United States v. True*, 250 F.3d 410, 418-21 (6th Cir. 2001) (holding that a party's failure to make an initial allegation regarding net worth was not fatally deficient); *Singleton v. Apfel*, 231 F.3d 853, 858 (11th Cir. 2000) (permitting a party to supplement her initial EAJA application in order to meet the net worth requirement); *Bazalo v. West*, 150 F.3d 1380, 1383-84 (Fed. Cir. 1998) (allowing party to "supplement his filing after the thirty-day time limitation to set forth a more explicit statement about his net worth"); *Dunn v. United States*, 775 F.2d 99, 103-04 (3d Cir. 1985).

In light of the above case law, it is permissible for Duke to submit an affidavit after filing his initial motion. Accordingly, his motion for attorney's fees will be granted.

## IV. CONCLUSION

For the foregoing reasons, Duke's motion for award of attorney's fees under the EAJA (Docket # 15) is GRANTED in the amount of $1,472.00.


SO ORDERED.

Enter for August 2, 2006.

> S/ Roger B. Cosbey
> Roger B. Cosbey
> United States Magistrate Judge

4